UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| NICHOLAS SUDING,<br><br>Plaintiff,<br><br>v.<br><br>ERIC HOLCOMB, CURTIS HILL, CHARLENE BURKETT, ROBERT CARTER, WESTVILLE CORRECTIONAL FACILITY, MARK SEVIER, AND ALEXIS DEAN,<br><br>Defendants. | CAUSE NO.: 3:18-CV-1044-PPS-MGG |

OPINION AND ORDER

Nicholas Suding, a prisoner without a lawyer, filed a complaint alleging he is being denied admission into the United States Department of Labor Maintenance Apprentice program at the Westville Correctional Facility because of an unwritten policy prohibiting participation by members of Security Threat Groups. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Suding alleges he was enrolled in the United States Department of Labor Maintenance Apprentice program when he was housed in the Correctional Industrial Facility. In February, when he was transferred to the Westville Correctional Facility, he applied to enroll in the program, but was not admitted because he was classified as a member of a Security Treat Group (STG), also known as a prison gang. Suding argues the Indiana Department of Correction does not prohibit STG members from participating, but Westville has its own unwritten rule. To the extent Suding is arguing the prison is violating its own rules, that does not state a claim because "[i]n order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege . . . defendants deprived him of a federal constitutional right . . . ." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Suding does not argue he was inappropriately classified as an STG member. Rather, he argues he has a First Amendment right to join a prison gang. However, "the gang plaintiffs' contention that they have a right grounded in the First Amendment to belong to a prison gang is simply too tenuous to state a claim." *Westefer v. Snyder*, 422 F.3d 570, 575 (7th Cir. 2005). "It is beyond dispute that gangs are incompatible with any penological system and that they serve to undermine prison security." *Singer v. Raemisch*, 593 F.3d 529, 535 (7th Cir. 2010) (quotation marks, brackets, and ellipsis omitted). "[P]rison gangs are a manifest threat to prison order and discipline . . . there is no federal constitutional impediment to their ban by prison officials." *Westefer*, 422 F.3d at 575. Therefore, it was not a violation of the First Amendment to have excluded Suding because he is an STG member.

Suding argues preventing his admission to the Apprentice program violated the Eighth Amendment. The Eighth Amendment requires prison officials to "provide humane conditions of confinement, . . . ensure that inmates receive adequate food, clothing, shelter, and medical care, and to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation marks and citations omitted). A prison official is liable under the Eighth Amendment only if he "knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837. Conditions of confinement must be severe to support an Eighth Amendment claim; "the prison officials' act or omission must result in the denial of 'the minimal civilized measure of life's necessities." *Id.* at 834. The Eighth Amendment only protects prisoners from conditions that "exceed contemporary bounds of decency of a mature, civilized society." *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992). In other words, "[a]n objectively sufficiently serious risk is one that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of decency." *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (quotation marks and citations omitted). Nothing about denying Suding access to the Apprentice program even comes close to implicating the Eighth Amendment.

Suding also argues preventing his admission to the Apprentice program violated the Fourteenth Amendment. The Fourteenth Amendment provides that State officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." However, a criminal conviction provides due process for the loss of liberty caused by the incarceration of a prisoner. So in the prison context, the Fourteenth Amendment

3

only requires additional due process when punishment extends the duration of confinement or imposes "an atypical and significant hardship on him in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). "After *Sandin*, it is clear that the touchstone of the inquiry into the existence of a protected, state-created liberty interest in avoiding restrictive conditions of confinement is not the language of regulations regarding those conditions but the nature of those conditions themselves in relation to the ordinary incidents of prison life." *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005) (quotation marks and citation omitted). In the ordinary incidents of prison life "[t]here is no constitutional mandate to provide educational, rehabilitative, or vocational programs, in the absence of conditions that give rise to a violation of the Eighth Amendment." *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000) (internal quotation omitted). As explained, there is no Eighth Amendment violation here. Consequently, "the denial of access to educational programs does not infringe on a protected liberty interest." *Id. See also Soule v. Potts*, 676 F. App'x 585, 586 (7th Cir. 2017) (affirming dismissal of complaint at screening because a "job reassignment does not impose 'atypical and significant hardship' on him relative to the 'ordinary incidents of prison life.'") (citation omitted).

Finally, Suding cites to four statutes as a basis for his claim. However, none of them are applicable here. The first is a criminal statute, 18 U.S.C. 241, but it does not create a private right of action because, "the Supreme Court has been unwilling to treat criminal laws as implying private entitlements . . .." *Chapa v. Adams*, 168 F.3d 1036, 1038 (7th Cir. 1999). "[C]riminal prosecution is an executive function within the exclusive

4

prerogative of the Attorney General." *United States v. Palumbo Bros.*, 145 F.3d 850, 865 (7th Cir. 1998) (quotation marks and citation omitted). Suding also cites to 18 U.S.C. §§ 1985, 1986, and 1988. Because none of those citations exist in Title 18 of the United States Code, it appears he intended to cite to 42 U.S.C. §§ 1985, 1986, and 1988 which do exist and seem related to the claim he is trying to present. Section 1985 "prohibits a conspiracy . . . motivated by racial, or other class-based discriminatory animus." *Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008). Section 1986 makes liable those who have the knowledge and ability to stop a conspiracy under § 1985. Section 1988 provides attorney fees for the successful prosecution of §§ 1983, 1985, and 1986 claims. Here, Suding makes the conclusory allegation of a conspiracy, but does not allege racial animus. Though he does allege he is being denied access to the Apprentice program because he is a prison gang member, the status of a prisoner is not considered a suspect class for equal protection purposes. *Gillis v. Pollard*, 554 Fed. Appx. 502 (7th Cir. 2014) and *Johnson v. Daley*, 339 F.3d 582, 585-86 (7th Cir. 2003) (en banc) ("Prisoners are not a suspect class . . ..”). Neither are gang members. *Cf. id.* and *Westefer*, 422 F.3d at 575 (prison gang membership is not protected by the First Amendment).

 Though it is usually necessary "to give pro se litigants one opportunity to amend after dismissing a complaint[,] that's unnecessary where, as here, it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Carpenter v. PNC Bank, Nat. Ass'n*, 633 Fed. Appx. 346, 348 (7th Cir. Feb. 3, 2016) (quotation marks omitted); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013); *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to

5

deny leave to amend where . . . the amendment would be futile."). As explained, Suding has no claim based on not being admitted to the United States Department of Labor Maintenance Apprentice program at the Westville Correctional Facility and there does not appear to be facts he could possibly add which would state a claim.

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A because it does not state a claim.

SO ORDERED on January 11, 2019.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT